IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SINCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CV315 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. CHICORY INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now pending before the court is defendant's MOTION TO COMPEL DISCOVERY RESPONSES (#43). The parties have complied with NECivR 7.1(i).

This is an action for breach of a construction contract. Plaintiff ("Sinco") is a Minnesota corporation. The court is advised that Sinco ceased its business operations after this lawsuit was filed. *See* #47 ¶ 3. Its President is Victor Villa and its Vice President is Dewayne Sadler. Those two individuals have "parted ways." *Id*.

Defendant's discovery requests were served on September 9, 2004. Although plaintiff's attorneys were able to contact Mr. Villa, they were unable to locate Mr. Sadler until May 2005. Counsel could not prepare responses to defendant's requests without consulting Mr. Sadler. Verified answers to defendant's interrogatories were served on May 24, 2005. On or about May 26, 2005, counsel received the necessary information from Mr. Sadler and served responses to defendant's requests for production of documents.[1]

Although it appears that plaintiff's attorneys have acted diligently, the officers of Sinco, i.e., Messrs. Villa and Sadler, have neglected or ignored a very basic obligation to make their whereabouts known to their attorneys during the pendency of this lawsuit. By filing this lawsuit, Sinco assumed the affirmative obligation to cooperate in discovery and to provide discovery responses in a timely fashion regardless of whether there is lack of communication or even ill-will between its principals.

---

[1] The motion to compel advises that, at the time of his deposition on May 19, 2005, Mr. Villa "informed counsel for the Defendant that he did not have time to respond to the Request for Production of documents as his schedule was 'too busy.'" #44, Aff. of Jonas I. Longoria at ¶ 7.

On the state of the record, I find that the motion to compel should be granted inasmuch as plaintiff's responses were substantially delayed due to the "disappearance" of Mr. Sadler and Mr. Villa's lack of knowledge as to Sadler's whereabouts.

Fed. R. Civ. P. 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999) (citing *Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 636 (N.D. Ill. 1998)). I find that Sinco has failed to demonstrate that the failure to timely provide discovery was substantially justified. Accordingly, monetary sanctions will be assessed against the plaintiff.

**IT IS ORDERED:**

1.   Defendant's Motion to Compel (#43) is granted.

2.   Defendants are entitled to an award of costs and attorney's fees pursuant to Fed. R. Civ. P. 37. The parties shall be heard on the matter of costs and sanctions as follows:

   a.   Defendant may electronically file a motion for costs and attorney's fees, together with an affidavit attesting to the time and expenses incurred in preparing the instant motion to compel discovery, on or before **June 23, 2005**.

   b.   Plaintiff may electronically file a response, if any, to defendant's motion for attorney's fees on or before **July 14, 2005**, at which time the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED June 9, 2005.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett**
                                          **United States Magistrate Judge**