# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SINCO, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:03CV315 |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. CHICORY INC., | ) | ORDER |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Now pending before the court is plaintiff's MOTION IN LIMINE (*see* Filings 64, 65 & 66) seeking to exclude all opinions and testimony from defendant's expert witness, Robert Hamlin. Having considered the defendant's response (Filings 77, 78, 79, 80 & 81), I find that the motion must be denied without prejudice to plaintiff raising specific evidentiary issues at trial.

## BACKGROUND

In March 2001, Sinco and U.S. Chicory entered into a contract ("Dryer Removal Contract") for Sinco to remove two dryers and a dust collection system from Renville, Minnesota to U.S. Chicory's plant in Scottsbluff, Nebraska and to install the equipment for a sum not to exceed $578,495.40. The parties dispute whether Sinco agreed to reinstall the component parts so that they would be functional in time for the chicory harvest campaign to commence on or about September 15, 2001. The parties subsequently entered into a "Time and Materials Contract" requiring Sinco to perform additional work on the U.S. Chicory facility, such work to be performed on a time and materials basis by Sinco.

Sinco contends that U.S. Chicory is in breach of both contracts, and seeks $17,519.11 for work performed under the Dryer Removal Contract and $534,617.35 for work performed pursuant to the Time and Materials Contract. U.S. Chicory asserted counterclaims on both

contracts. It seeks $48,169 against Sinco for breach of the Dryer Removal Contract and $738,667 for breach of the Time and Materials Contract.

Under the Amended Final Progression Order (#34), defendant was given until March 1, 2005 to serve the plaintiff with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. On February 25, 2005, defendant served expert witness disclosures identifying Robert Hamlin as an expert witness and providing Hamlin's curriculum vitae and written opinion. Certain documents were produced on June 23, 2005, the day of Mr. Hamlin's deposition. Other documents pertaining to Mr. Hamlin's analysis were provided July 7, 2005 with defendant's other supplemental Rule 26 disclosures. *See* Filing 52.

Hamlin's curriculum vitae shows that he is the primary owner and Chief Executive Officer of Agri-Systems, a regional construction company that handles large agricultural construction projects typically ranging in size between $1 and $2 million. He received his B.S. degree in Agricultural Economics in 1963 and is a licensed Class A Contractor in the States of California, Nevada, Arizona, Colorado, Oregon, Washington, Utah, Idaho and Texas.

Apparently, Mr. Hamlin was asked to offer his opinions with regard to the existence, terms, and performance of the agricultural construction contracts at issue in this lawsuit. In summary, Hamlin is of the opinion that Sinco, the contractor, (a) did not formalize its verbal contract with U.S. Chicory; (b) ignored its responsibility to make sure its work was performed as guaranteed; (c) abandoned the job site, thus foregoing its rights and claims; (d) failed to meet its contractual obligation to complete the work for a sum not to exceed $1.8 million; (e) failed to timely complete the project; and (f) failed to obtain the necessary construction permit.

Plaintiff contends that Mr. Hamlin is not qualified to give expert testimony, and that Hamlin's opinions and reports are irrelevant to the case and would unfairly prejudice the jury.

## LEGAL ANALYSIS

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the court must perform a gatekeeping function and insure that proffered expert testimony is both relevant and reliable. *Daubert* applies to all expert testimony, not only scientific expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

Rule 702 of the Federal Rules of Civil Procedure governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Evidence Rule 703,

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. ***Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.***

(Emphasis added).

In civil cases, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Finally, "[a]lthough relevant, evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Having reviewed the Hamlin report and the transcript of Mr. Hamlin's deposition, I am convinced that Mr. Hamlin could qualify as an expert on certain subjects, based on his specialized knowledge.  On the other hand, I also believe there is support for plaintiff's assertion that Hamlin's opinions are based, in large part, on "biased information" provided to him by the owner of Defendant U.S. Chicory.  (Filing 65 at pp. 2-3).  Thus, it is quite possible that his proffered testimony on many points and topics may be inadmissible under Rules 403 or 703.  I am also concerned that many of Mr. Hamlin's various opinions may not be relevant to the issues presented in this case.

Despite my initial reservations, I do not believe the entire matter can be properly decided outside the context of the trial as a whole.  Furthermore, since Mr. Hamlin does appear to possess specialized knowledge that may help the jury to understand the evidence or to determine relevant facts at issue in this case, he should not be completely precluded from testifying.

**IT THEREFORE IS ORDERED** that the motion in limine (#64) is denied without prejudice to plaintiff raising specific evidentiary objections at the time of trial.

**DATED August 10, 2005.**

          **BY THE COURT:**

          **s/ F.A. Gossett**
          **United States Magistrate Judge**