IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SINCO, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 8:03CV315 |
| v. | ) | |
| | ) | **ORDER ON** |
| U.S. CHICORY INC., | ) | **POST-TRIAL MOTIONS** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

    On August 24, 2005, the court entered judgment on the jury's verdict

- in favor of plaintiff and against defendant on defendant's counterclaims for breach of the Dryer Removal Contract and breach of the Time and Materials Contract;

- in favor of plaintiff and against defendant in the amount of $17,519.12 on plaintiff's claim for breach of Dryer Removal Contract;

- in favor of plaintiff and against defendant in the amount of $448,174.57 on plaintiff's claim for breach of the Time and Materials Contract;

with interest on said amounts at the rate of 3.89% per annum, until paid in full.

    The following matters are now pending before the court:

| | |
|---|---|
| Filing 115 | Defendant's Motion for New Trial and/or Motion for Judgment Notwithstanding the Verdict; Plaintiff's objection thereto (Filing 121) |
| Filing 107 | Plaintiff's Motion to Amend and Increase Judgment and for Additur, as supplemented by Filing 112; Defendant's Response and Objection thereto (Filings 117 & 118) |
| Filing 109 | Plaintiff's Motion to Amend Judgment to Add Prejudgment Interest, as supplemented by Filing 110; Defendant's Response and Objection thereto (Filings 117 & 118) |

**A. Motion for New Trial and/or JNOV (Filing 115)**

*1. New Trial; Rule 59*

Pursuant to Rule 59(a)(1), "A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The rule permits a new trial "if substantial errors were made in admitting or excluding evidence, or in charging the jury, or in misconduct, or because a material issue was improperly submitted or withdrawn from a jury.... This list is not exhaustive, as a trial court may order a new trial 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.' .... Despite this great latitude, it is well settled that the trial judge is to 'abstain from interfering with the verdict unless' upholding it would constitute a 'miscarriage of justice.' .... The federal rules direct the court to 'disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.'" *Sharkey v. Lasmo (Aul Ltd.)*, 55 F. Supp. 2d 279, 289 (S.D.N.Y. 1999) (citations omitted).

Thus, under Rule 59(a), "A motion for new trial will be granted when a miscarriage of justice occurred in the first trial." *Larson v. Farmers Co-op. Elevator of Buffalo Center, Iowa*, 211 F.3d 1089, 1095 (8th Cir. 2000). "[A] movant should not use Rule 59 merely to relitigate previously-decided matters." *Libutti v. United States*, 986 F. Supp. 114, 117 (N.D.N.Y. 1997), *rev'd on other grounds*, 178 F.3d 114 (2d Cir. 1999).

> [A] trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice.... Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if

afforded another chance.

*Libutti v. United States*, 178 F.3d at 118-19 (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

The trial court has broad discretion in drafting jury instructions which, taken as a whole, and viewed in the light of the evidence and applicable law, fairly and adequately submit the issues in the case to the jury. The form and language of jury instructions are committed to the discretion of the trial court so long as the jury is correctly instructed on the substantive issues in the case. *See White v. Honeywell, Inc.*, 141 F.3d 1270, 1278 (8th Cir. 1998); *Martin v. Wal-Mart Stores, Inc.*, 183 F.3d 770, 773 (8th Cir. 1999).

Notwithstanding plaintiffs' arguments to the contrary as to Instruction No. 21, the court believes the jury was properly instructed. Nor was the jury's verdict contrary to the evidence and to the law. The defendant is not entitled to relief under Rule 59.

### B.  *Judgment Notwithstanding the Verdict (Rule 50)*[1]

"A motion for judgment as a matter of law now encompasses all motions labeled as motions for judgment notwithstanding the verdict or motions for a directed verdict." *Larson v. Miller*, 76 F.3d 1446, 1452 n.3 (8th Cir. 1996) (en banc).

---

[1]Rule 50(b) provides:

**(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial.** If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment–and may alternatively request a new trial or join a motion for a new trial under Rule 59. In ruling on a renewed motion, the court may:
 (1) if a verdict was returned:
  (A) allow the judgment to stand,
  (B) order a new trial, or
  (C) direct entry of judgment as a matter of law[.]

> "[J]udgment as a matter of law should not be granted unless 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" [*Arabian Agric. Servs. v. Chief Indus.,* 309 F.3d 479, 482 (8th Cir. 2002)] (quoting Fed. R. Civ. P. 50(a)(1)). "In applying this standard, we must 'draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence.' " *Id.* (quoting *Phillips v. Collings,* 256 F.3d 843, 847 (8th Cir. 2001)). "A reasonable inference is one which may be drawn from the evidence without resort to speculation. Thus, judgment as a matter of law is appropriate when the record contains no proof beyond speculation to support a verdict." *Id.* (citations omitted).

*Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005).

Defendant's motion is premised on alleged error with respect to Instruction No. 21 and allegations that the verdict was the product of passion or prejudice and is not supported by the evidence. Again, the court believes the jury was properly instructed and that the jury's verdict was supported by the evidence and applicable law, and the defendant is not entitled to relief under Rule 50(b).

### B. Plaintiff's Motion for Additur (Filing 107)

Plaintiff asks that the amount of the verdict be increased by $20,000 on the Time and Materials Contract. This motion must be denied because, in federal court, additur is unconstitutional because it does not comport with the seventh amendment[2] right to trial by jury. *See Dimick v. Schiedt*, 293 U.S. 474, 482 (1935). The Eighth Circuit has accepted "the general rule that in a case where the amount of damages is in dispute, a grant of additur violates the seventh amendment jury trial rights against whom the addition is granted." *Novak v. Gramm*, 469 F.2d 430, 432 (8th Cir. 1972). Nor do the Nebraska state courts permit additur. *See, e.g., Kearney Convention Ctr. v.*

---

[2]U.S. Const. amend VII provides:
 In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

*Anderson-Divan-Cottrell Ins.*, 220 Neb. 319, 323, 370 N.W.2d 86, 89 (1985); *Murrish v. Burkey*, 1 Neb. App. 650, 510 N.W.2d 366 (1993); *Jamison v. Kenzy*, No. A-94-1042, 1996 WL 266463 (Neb. App., May 21, 1996).

### C. Plaintiff's Motion to Amend Judgment to Add Prejudgment Interest (Filing 109)

In this diversity case, the matter of prejudgment interest is governed by Neb. Rev. Stat. § 45-103.02. As to liquidated claims, the statute provides that interest shall accrue on the unpaid balance from the date the cause of action arose until the entry of judgment. § 45-103.02(2). The statute further permits an award of prejudgment interest on unliquidated claims "from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the entry of judgment" if all of the following conditions are met:

> (a) The offer is made in writing upon the defendant by certified mail, return receipt requested, to allow judgment to be taken in accordance with the terms and conditions stated in the offer;
>
> (b) The offer is made not less than ten days prior to the commencement of the trial;
>
> (c) A copy of the offer and proof of delivery to the defendant in the form of a receipt signed by the party or his or her attorney is filed with the clerk of the court in which the action is pending; and
>
> (d) The offer is not accepted prior to trial or within thirty days of the date of the offer, whichever occurs first.

§ 45-103.02(1); *See, e.g., Unisys Corp. v. Nebraska Life & Health Ins. Guar. Ass'n*, 267 Neb. 158, 673 N.W.2d 15 (2004).

"Liquidated claims are those where there is no reasonable controversy as to the plaintiff's right to recover or as to the amount of such recovery. *Lange Indus. v. Hallam Grain Co.*, 244 Neb.

465, 507 N.W.2d 465 (1993). By contrast, unliquidated claims are those where the plaintiff's right to recover or the amount of such recovery is subject to a reasonable controversy. *A.G.A. Inc. v. First Nat. Bank*, 239 Neb. 74, 474 N.W.2d 655 (1991)." *Blue Valley Coop. v. National Farmers Org.*, 257 Neb. 751, 764, 600 N.W.2d 786, 796 (1999).

### *1. Liquidated Claims*

Plaintiff contends all its claims were liquidated because the parties agreed on the exact amount of Sinco's unpaid invoices; the jury returned a verdict for the full amount of the invoices on the Dryer Removal Contract; and the jury returned a verdict for the full amount of the invoices on the Time and Materials Contract, minus the defendant's proffered costs in modifying Sinco's work on the Time and Materials Contract.

Notwithstanding the award actually determined by the jury, the evidence presented in this case, depending on which evidence the jury found credible, would support a wide range of verdict amounts. In this regard, I note that the jury was instructed, as to both contracts, that if it found in favor of the plaintiff on plaintiff's claims for breach of contract, the plaintiff was entitled to recover the contract price, minus any payments already received for its work. The jury was instructed to award "no more than a nominal sum" if it did not find any actual damages. (Filing 98, Instruction No. 22). The court agrees with the defendant that, in this case, there was a dispute as to both the plaintiff's right to recover and a dispute as to the amounts owed on each contract, and plaintiff's claims were not liquidated claims.

### *2. Unliquidated Claims*

To recover prejudgment interest on unliquidated claims "from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the entry of judgment," plaintiff must

meet all of the conditions set out in Neb. Rev. Stat. § 45-103.02(1). Plaintiff admits that it did not meet "all of the logistical formalities of the statute," but contends it is entitled to prejudgment interest based on the existence of Dewayne Sadler's March 17, 2003 letter to David Hergert offering to settle the matter for $400,963.01. This offer was not made by certified mail. Nor was a copy of the offer and proof of delivery filed with the Clerk of the Court. The plaintiff cannot point to any arguably compliant offers it made after August 11, 2003, the date this case was filed. For these reasons, I find that the plaintiff is not entitled to recover prejudgment interest on its unliquidated claims.

## ORDER

For the reasons discussed herein,

**IT IS ORDERED:**

1. Defendant's Motion for New Trial and/or Motion for Judgment Notwithstanding the Verdict (Filing 115) is denied.

2. Plaintiff's Motion to Amend and Increase Judgment and for Additur (Filing 107) is denied.

3. Plaintiff's Motion to Amend Judgment to Add Prejudgment Interest (Filing 109) is denied.

**DATED November 8, 2005.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett**
                                        **United States Magistrate Judge**